Mr. Justice Thacher
delivered the opinion of the court.
This-is an action for slander, instituted under the ninth section of the “Act to suppress duelling,” passed June 13, 1822; *330 Rev. Code, 313; Hutch. Code, 801. This section is in the following words, viz: “All words, which, from their usual construction and common acceptation, are considered as insults, and lead to violence and breach of the peace, shall hereafter be actionable; and no plea, exception or demurrer shall be suslained in any court of this state to preclude a jury from passing thereon, who are hereby declared to be the sole judges of the damages sustained.”
The words' spoken as averred in the declaration, were not actionable at common law, but were made so by the statute, as from their usual construction and acceptation they are insulting, and likely to lead to violence and breach of the peace.
The defendant in the circuit court pleaded a plea of justification, to which the plaintiff filed a demurrer which was there overruled.
At common law, in an action for slanderous words, it was permitted the defendant to justify the charge by pleading the truth of the charge contained therein. The object of such actions was to recover pecuniary damages as a recompense for the injuries sustained; but if the charges, upon which the actions were founded, were true, it was presumed in law that the party had no claim to relief; and the inquiry was always pointed to the innocent or malicious intention of the speaker, and the truth admitted to explain the intent, as' well as to justify it.
The only things necessary to bring words spoken of another within the meaning of,our statute, are, that they must be insulting, and calculated to lead to a breach of the peace ; and, unless the statute has .itself made an exception, the same rules of pleading must govern in an action for slander under it as at common law.
Manifestly, the first object of the section was to extend the grounds warranting the action much farther than they existed at common law, and to make words actionable, which theretofore were not so. Still, while this seems to be the main scope of the section, it further provides that “no plea, exception, or demurrer shall be sustained, in any court within this state, to preclude a jury from passing thereon, who are hereby declared *331 to be the sole judges of the damages sustained.” But a plea setting up the truth of the charges, if successfully sustained, does not necessarily defeat the action or preclude a jury from assessing damages to the plaintiff at their discretion. To that extent the provision of the section qualifies the common law rule as to pleadings. The gravamen of the action is the saying any words, whether true or false, in an insulting manner. The truth or falsity of the charge contained in those words is an important consideration for a jury in estimating the actual amount of damages done to a plaintiff. It would make an extenuation, or constitute an aggravation, as the case might be.
We do not concur with the court of appeals 'of Virginia, in its views in Brooks v. Calloway, 12 Leigh, 466, commenting upon a statute in all respects like our own, and probably its prototype. It may be very certain that, the 9th section, giving a civil action in damages for insulting words, was designed as auxiliary to the penal statute to suppress duelling; but that intention of the legislature should not be permitted to change the rules of law in relation to pleadings and evidence in civil actions. Those rules cannot be disregarded to carry out a supposed policy, and it may be suggested as to the policy, that it is very doubtful whether persons who are at all disposed to the infringement of this penal law could be deterred therefrom by the prospect of pecuniary remuneration for an insult; and therefore the hopes of the legislature would not be fulfilled even after the courts had over-strided settled principles of law.
To the foregoing, we may add that this court has passed upon cases wherein the pica of justification appeared, although the question was not made, to wit: Gilmore v. Borders, 2 How. 824; Doss v. Jones, 5 Ib. 158; Scott v. Peebles, 2 S. & M. 546.
But the plea in this case was defective for another reason. We have already said that the section of the statute makes the insulting manner in which the words are spoken the gravamen of the action, and that it has changed in some respects the mode of pleading to the action. The plea should have traversed the allegation, that the words were spoken in a manner to insult and lead to a breach of the peace, as well as have set up the truth of *332 the words spoken. Hence the judgment of the circuit court was erroneous in overruling the demurrer.
The judgment is reversed, the demurrer directed to be sustained here with judgment of respondeat ouster, and cause remanded.